CASE 30—PETITION ORDINARY—FEBRUARY 27.

# Moore vs. Worthington.

APPEAL FROM BOYLE CIRCUIT COURT.

1. A statement in a notarial protest of the reasons given by the treasurer of the United States for refusing payment of a treasury note is not evidence in an action to recover the nominal value of the note of one from whom the plaintiff received it. The protest is only evidence of presentation and refusal to pay.

2. Where a treasury note is made payable to a disbursing officer, and, by a regulation of the treasury department, of which the courts will not take judicial notice, it is not obligatory on the government until indorsed by him, one who

receives it from a third person cannot recover of him the nominal value of such note, as upon an implied warranty.

M. J. DURHAM and J. F. BELL, for appellant, cited 1 *B. Mon.*, 195; *Parsons on Contr.*, 385; *Story on Contr.*, sec. 480; *Chitty on Contr.*, 643; 5 *N. H. Rep.*, 410.

E. L. & J. S. VANWINKLE, for appellee, cited *U. S. Stat. at Large*, No. 12, *p.* 179; 2 *Pars. on Bills, p.* 639; 1 *Rev. Stat., pp.* 274–5; 1 *B. Mon.*, 196; 6 *Hill N. Y.*, 341; 11 *Ills.*, 141.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

This is an action by appellant to recover from appellee the consideration paid him for a United States treasury note, which was due in two years from its date, and bearing six per cent. interest, payable semi-annually, the 1st of January and July, and which appellant avers was not genuine and obligatory on the United States.

The note is dated Washington, August 9, 1861, payable to the order of James Bronaugh, A. A. C. S., for one hundred dollars, due two years after date, signed F. E. Spinner, and on its back is this indorsement: "United States of America pay to bearer;" without any signature. August 12, 1863, this note was presented by a notary public to F. E. Spinner, treasurer of the United States, at the treasury department, and payment demanded, which he refused.

The reasons for this refusal by the treasurer are set out in the protest; and this is the only evidence relied on. The protest can be received as evidence only as to the presentment for payment and refusal.

If it be asserted that, on the face of the note, it appears to be payable to a disbursing officer, and, therefore, not obligatory on the government until indorsed by him, it may be replied that this was as patent to Moore as to Worthington, and as both must be presumed to know the law, that this rebuts the presumption or implied warranty that Worthington was to refund the consideration unless it was a legal obligation on the government.

But we cannot judicially know, in the absence of all proof as to the regulations of the treasury department, under which

it was issued, that this note is not legally obligatory on the government. We cannot know it was stolen and put into circulation illegally, in the absence of all proof.

The burthen of proof was on the plaintiff to show all the essential facts to a recovery, and having failed to do so, the court properly dismissed his petition.

Wherefore, the judgment is affirmed.